IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE SALGADO, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | District Judge: Honorable LaShonda A. Hunt |
| v. | ) ) | Case No.: 1:22-cv-06189 |
| A-ALERT SECURITY SERVICES, INC. and RICKEY MARTINEZ | ) ) ) ) ) | |
| Defendants. | ) | |

**JOINT MOTION FOR COURT APPROVAL OF
SETTLEMENT AGREEMENT AND DISMISSAL OF PLAINTIFF'S AMENDED
COMPLAINT**

NOW COME, Plaintiff Stephanie Salgado, by and through her undersigned attorney, and Defendants A-Alert Security Services, Inc. and Rickey Martinez (collectively, "Defendants") by and through their undersigned attorney, and hereby move the Court to approve the Parties' Settlement Agreement. In support of their motion, the Parties state the following:

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 7, 2022, Plaintiff filed the instant action asserting claims for violations of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"), and the Illinois Wage Payment. (ECF No. 1). On December 21, 2022, Plaintiff filed an Amended Complaint, continuing to assert class and collective claims pursuant to the FLSA, IMWL, and asserted claims for violations of the Illinois Wage Payment and Collection Act ("IWPCA"), collectively the "Litigation." (ECF No. 10). On January 17, 2023, Defendants filed their answers

1

to Plaintiff's Amended Complaint, denying Plaintiff's allegations and filed various affirmative defenses thereto. (ECF Nos. 13-14.)

At the time of settlement and the execution of the Settlement Agreement, there was (and is) no currently pending motion for collective certification pursuant to the FLSA nor for class certification pursuant to Fed. R. Civ. P. 23.

The Parties engaged in settlement discussions and subsequent negotiations starting very early in this matter. A monetary agreement in principle was reached with respect to settlement on or about June 28, 2023, and thereafter the parties worked through language and formatting issues to finalize a written agreement on or about July 26, 2023. The Parties drafted and executed a settlement agreement and general release (the "Settlement Agreement"). A copy of the Settlement Agreement is attached hereto as **Exhibit A**.

Under the terms of the Settlement Agreement, Plaintiff is receiving a total gross settlement payment of twenty-eight thousand dollars and no cents ($28,000.00), as allocated in Section 1 of Exhibit A, inclusive of all alleged unpaid wages, liquidated and/or treble damages, interest, and all attorneys' fees and costs. Although the parties have differences in their calculations and there remains a *bona fide* dispute over hours worked, the net settlement payment to Plaintiff represents nearly a 100% recovery of any alleged wage relief as alleged in the Litigation and alleged liquidated and/or treble damages as alleged in the Litigation, including an additional portion for attorneys' fees and costs associated with the Litigation.

Defendants deny any and all liability and heavily disputed Plaintiff's claims and allegations surrounding her time records. Counsel for the Parties engaged in informal discovery and Defendants produced Plaintiff's wage and hour records.

In exchange for the settlement payment, as set forth the Agreement, Plaintiff agrees to

seek dismissal of this action in full, initially without prejudice and converting to a dismissal with prejudice 30 days later, without fees or costs to either party—except as specifically negotiated with regard to attorneys' fees and costs as set forth in the Settlement Agreement —and, agrees to release of any and all wage and hour related claims she has, had, or may have against Defendants and Releasees relating back to the full extent of the applicable statute of limitations and continuing through the entry of final judgment in this matter.

As discussed in more detail below, the Parties respectfully request that the Court approve this Settlement Agreement. The Parties submit a proposed order granting this motion to the Court's chambers electronically pursuant to the Court's standing order on proposed orders.

## DISCUSSION

### I. THE COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT.

When an employee brings an action against his or her employer under the Fair Labor Standards Act, a wholly private settlement between the parties will be unenforceable. *See e.g. Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 306 (7th Cir. 1986); *see also Salcedo v. D'Arcy Buick GMC, Inc.,* 227 F. Supp. 3d 960, 961 (N.D. Ill. 2016) ("settlement of claims for back wages under the FLSA require approval from the Department of Labor or from a district court"). "Specifically, the Court must determine whether the proposed settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Butler v. Am. Cable & Tel., LLC,* No. 09 CV 5336, 2011 WL 4729789, at *9 n.9 (N.D. Ill. Oct. 6, 2011). Thus, the Parties seek this Court's approval of their Settlement Agreement for purposes of rendering the Settlement Agreement binding on the parties and, specifically, enforcing Plaintiff's release of claims, including under the Fair Labor Standards Act, Illinois Minimum Wage Law, and Illinois Wage Payment and Collection Act. *See Chen v. Genesco, Inc.*, Case No. 1:18-cv-00690-SEB-TAB,

3

2020 WL 360517, at *3 (S.D. Ind. Jan. 22, 2020) ("FLSA . . . settlement agreements require judicial approval. Normally, a settlement is approved where it is the result of contentious arm's length negotiations, which were undertaken in good faith by counsel [] and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.") (internal quotations omitted).

The Parties agree that the Settlement Agreement is a fair and reasonable resolution of a *bona fide* dispute as to the amount of compensation allegedly owed to Plaintiff under the FLSA, IMWL, and IWPCA.

The settlement reached by the Parties is the result of investigation and negotiations between the parties to resolve this matter. The settlement was negotiated at arm's length by experienced counsel.

Importantly, without settlement, this case is likely to last significantly longer than the approximately eight months it has lasted, costing the parties significant expense. The Parties wish to resolve the case at an early stage in the litigation to avoid unnecessary litigation expenses. Finally, Plaintiff is receiving a settlement payment at or near to the amount of damages she might be able to obtain if the case did not settle. Accordingly, the Court should approve the Settlement Agreement.

## II.  THE COURT SHOULD APPROVE PLAINTIFF'S ATTORNEYS' FEES AND COSTS.

The Parties also request that the Court approve the attorneys' fees and costs requested by counsel for Plaintiff as part of the settlement. These fees and costs should be approved because counsel for Plaintiff: (1) investigated Plaintiff's claims; (2) expended time preparing the Complaint and Amended Complaint; and (3) negotiated the Settlement Agreement on behalf of Plaintiff, ultimately resulting in a recovery for Plaintiff the is at or near the amount of relief

4

which she might have been able to obtain if the case did not settle. Therefore, the attorneys' fees and costs sought by counsel are justified. *See, e.g., Zolkos v. Scriptfleet, Inc.,* No. 12 CV 8230, 2015 WL 4275540, at *3 (N.D. Ill. July 13, 2015) (discussing factors to consider when analyzing award of attorneys' fees and costs in FLSA collective action settlement).

**WHEREFORE**, Plaintiff and Defendants hereby request that this Court enter on Order granting their Motion for Approval and approving the Parties' Settlement Agreement as a fair and reasonable resolution of a *bona fide* dispute; finding the Settlement Agreement binding on all parties thereto, including the releases set forth therein; and dismissing Plaintiff's Amended Complaint without prejudice, which will convert to a dismissal with prejudice after 30 days if no motion is otherwise filed. The parties submit a proposed order to the Court's proposed order email for the Court's review.

Dated: August 9, 2023                                          Respectfully submitted,


By: ___*/s/ William E. Meyer, Jr.*___          By: ___*/s/Stephanie Dinkel*___

<u>Plaintiff's Attorneys</u>                                      <u>Defendants' Attorney</u>
William E. Meyer, Jr.                                      Stephanie M. Dinkel
Lauren K. Miller                                            Koehler Dinkel LLC
Fuksa Khorshid                                             900 S. Frontage Rd., Ste. 300
200 W. Superior St., Suite 410                      Woodridge, Illinois 60517
Chicago, Illinois 60654                                 Email: sdinkel@kdllclaw.com
Email: william@fklawfirm.com
lauren@fklawfirm.com

5